UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HERMAN DENNIS                                   CIVIL ACTION

VERSUS                                          09-3556

UNITED STATES OF AMERICA                        SECTION "S"(2)

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Re-Urged Motion for Summary Judgment filed by the defendant, the United States of America (Doc. #21), is **GRANTED.**

### BACKGROUND

This matter comes before the court on a motion for summary judgment filed by defendant, the Untied States of America (the "United States"). The United States argues that it is entitled to summary judgment because the plaintiff, Herman Dennis ("Dennis"), has not submitted an expert report to support his medical malpractice claims.

Dennis alleges that the United States is liable for medical malpractice. Specifically, Dennis alleges that personnel at the Veterans Administration Medical Center of New Orleans failed to properly diagnose his broken hip, and provided poor post-surgical care that resulted in an exacerbation of his hip condition and bed sores.

The United States argues that, under Louisiana medical malpractice law, Dennis is required to submit expert testimony to prove that the standard of care was breached. The United States has submitted a sworn expert report from a local physician attesting that the Veterans Administration Medical Center of New Orleans met the relevant standard of care. The United States argues that because the deadline for submitting expert reports has passed, June 23, 2010, Dennis is precluded from introducing expert testimony regarding the standard of care. As a result, the United States contends that Dennis cannot meet his burden of proof, and the United States is entitled to summary judgment.

## ANALYSIS

**1. Legal Standard for Summary Judgment**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.     The United States' Motion for Summary Judgment**

Under the Federal Tort Claims Act, "damages are determined by the law of the State where the tortious act was committed." Hatahley v. U.S., 76 S.Ct. 745 (1956) (citing 28 U.S.C. § 1346(b) and 28 U.S.C. § 2674). Under Louisiana law, to establish a medical malpractice claim, plaintiff must show the following by a preponderance of evidence: (1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; (2) that the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill; and (3) that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred. Pfiffner v. Correa, 643 So.2d 1228, 1233 (La. 1994). "Thus, the plaintiff must establish the standard of care applicable to the charged physician, a violation by the physician of that standard of care, and a causal connection between the physician's alleged negligence and the plaintiff's injuries resulting therefrom." Id.

The United States argues that it is entitled to summary judgment because Dennis has failed to provide an expert opinion setting forth a standard of are, a breach of the standard, and causation, all of which are essential elements of Dennis' medical malpractice claims.

Dennis argues that expert testimony is not necessary because his injuries show obvious negligence or negligent behavior. Dennis claims that but for the negligent care, he would not have suffered an exacerbation of his hip condition and bed sores.

Expert testimony is not necessary in some medical malpractice cases. First, expert testimony is not required where the physician does an obviously careless act from which a lay person can infer negligence, such as fracturing a leg during examination, amputating the wrong arm, dropping a knife, scalpel, or acid on a patient, or leaving a sponge in a patient's body. Id. at 1233. Negligence is also obvious when a physician fails to attend to a patient when there are serious consequences, or is on call and fails to respond to an emergency when he knows or should know that his presence is necessary. Id. at 1234. Further, expert testimony is not necessary when the physician "testifies as to the standard of care and his breach thereof, "or the alleged negligence consists of violating a statute and/or the hospital's bylaws." Id.

Dennis's allegations do not meet the exceptions to the expert testimony requirement. Dennis does not allege obvious negligence. Failure to diagnose a fracture and poor post-surgical care are not necessarily comparable to amputating the wrong limb or leaving a sponge in the patient's body. Further, the Untied States has submitted an expert report which opines that Dennis' complications were not a result of the alleged substandard care. Absent expert testimony regarding the applicable standard of care, the defendant's alleged breach thereof, and the causation between the breach and Dennis' claimed injuries, there is no evidence of a genuine issue for trial. Therefore, United State's Motion for Summary Judgment must be granted.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Re-Urged Motion for Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this  30th  day of August, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**